**IMPORTANT NOTICE: You are strongly urged to consult with an attorney who can advise you of the potential tax consequences of this transaction.**

_____
Robert Shearer, Chapter 7 Bankruptcy Trustee
for the Estate of Carl N. Walden and Gloria J. Walden


Date: _____

# STRUCTURED SETTLEMENT
# PAYMENT PURCHASE AGREEMENT

Walden - Singer Asset Finance Company, L.L.C., dated May 1, 2015

You, the Estate of Carl N. Walden and Gloria J. Walden became entitled to receive payments due under the settlement of a personal injury claim or a wrongful death claim, which resulted from the settlement of a tort claim by Carl N. Walden and Gloria J. Walden, which did not result from a worker's compensation proceeding (the "Periodic Payments"). The terms of the settlement were set forth in a Settlement Agreement dated on or about March 24, 1995. You provided Singer Asset Finance Company, L.L.C. ("Singer") with a copy of that Settlement Agreement, which is attached as Exhibit "A."

Under the terms of the settlement, the Periodic Payments are due to you from Symetra Assigned Benefits Service Company (the "Annuity Owner") and are being funded by an annuity policy issued by Symetra Life Insurance Company (the "Annuity Issuer"), bearing contract number AA0686130, attached as Exhibit "B."

A.  Now, you want to sell Singer your rights to receive some or all of your settlement payments. Specifically, you are agreeing to sell the following payments due to you under the settlement: $100,000.00 due February 11, 2024 (the "Assigned Payments").

   In exchange for the right to receive those Assigned Payments, Singer will pay you $45,900.00 (the "Purchase Price"). You will receive the Purchase Price within ten (10) days of the date that the conditions set forth in section "C" of this Agreement are satisfied.

B.  Singer is paying you the Purchase Price relying upon the truth of the following things that you are now telling us:

   1.  You own the right to receive the payments that you are selling us. No one else (other than Singer) has any interest in lien against, or claim to the payments that you are selling.

   2.  You will cooperate with us in obtaining any necessary consents and approvals and take all further reasonable and necessary actions to ensure that we get the payments that we are buying from you.

C.  You understand that the following things must happen before you receive the Purchase Price:

   1.  Issuance of a final non-appealable court order, in compliance with applicable state law, approving your sale of the Assigned Payments to Singer and directing Annuity Owner and Annuity Issuer to make the Assigned Payments directly to Singer.

   2.  Singer's receipt of written confirmation from Annuity Owner and/ or Annuity Issuer acknowledging their obligation to make the Assigned Payments to Singer

   Payment to you will be delayed up to 30 days or more in order for the court to review and approve this agreement.

D.  This agreement shall be governed by and interpreted in accordance with PENNSYLVANIA law. Any legal action relating in any way to this agreement or this transaction shall be brought in PENNSYLVANIA. Singer consents to jurisdiction in PENNSYLVANIA for all such purposes.

E.  If the Annuity Issuer fails to make the Assigned Payments to Singer because it is not financially able to do so, Singer shall not have the right to sue you.

F. Singer has agreed to pay all reasonable attorney fees necessary to get state court approval for this transaction under the applicable transfer act. Singer may cancel this transaction upon receipt of an objection filed by any interested party.

G. You hereby award Singer an Irrevocable Power of Attorney with full powers to do all acts which you might do regarding the Assigned Payments. These powers include but are not limited to the following: the power to endorse checks or other instruments, the power to change payment instructions and beneficiary designations and the power to perform any other act which is necessary for Singer to obtain all of the Assigned Payments. This power of attorney is coupled with an interest and shall survive your death or disability.

H. If the Settlement Agreement and/ or Annuity contain any language which purports to restrict your ability to assign the Periodic Payments and/ or enter into this Agreement, then You hereby agree to waive any such restrictions.

I. Consumer's Right to Cancellation: You have the right to cancel the transfer agreement, without penalty or further obligation at any time prior to the entry of a court order approving the proposed sale. To be effective, you must mail a notice of cancellation by registered or certified United States mail, to Singer at Singer's address (2255 Glades Road, Suite 118E, Boca Raton, Florida 33431). In order for the cancellation to be effective, you must first return any moneys that Singer has advanced to you under the terms of this agreement.

By signing below, you are indicating your agreement to the terms of this binding contract.

_____
Robert Shearer, Chapter 7 Bankruptcy Trustee
for the Estate of Carl N. Walden and Gloria J. Walden

STATE OF PENNSYLVANIA}
COUNTY OF _____}

The foregoing instrument was acknowledged before me this ___ day of _____, 2015 by Robert Shearer, who is either (☐) personally known to me or (☐) who has produced _____ as identification.

_____
Notary Public
Commission Expiration Date:

Accepted:

**Singer Asset Finance Company, L.L.C.**


BY: _____
    Kenneth R. Barnett, President

Dated: _____

## Schedule of Exhibits

| Exhibit | Document |
|---|---|
| A | Settlement Agreement |
| B | Guaranteed Investment ("Annuity") Contract |
| C | Qualified Assignment (if applicable) |
| D | Statement of Independent Professional Advice |
| E | Disclosure Statement |
| F | Affidavit in Support of Transfer Agreement |

# Exhibit "A"

## SETTLEMENT AGREEMENT

**Exhibit "B"**

**GUARANTEED INVESTMENT ("ANNUITY") CONTRACT**

# Exhibit "C"

## QUALIFIED ASSIGNMENT (IF APPLICABLE)

# Exhibit "D"

## STATEMENT OF INDEPENDENT PROFESSIONAL ADVICE

**Singer recommends that you seek independent professional advice regarding the financial, legal and tax implications of the transfer.  Such advice is legally required in some states**.

Please check the box and complete the requested information:

| | |
|---|---|
| ☐ | **WAIVER OF INDEPENDENT PROFESSIONAL ADVICE**<br><br>Singer recommends that you seek advice from an attorney, certified public accountant, actuary or other licensed professional advisor.  Despite being advised by Singer to seek independent professional advice, I desire to waive such advice.  I have thoroughly reviewed the agreement and the related documents and fully understand this transaction. |
| ☐ | **I HAVE OBTAINED INDEPENDENT PROFESSIONAL ADVICE**<br><br>I have obtained independent professional advice regarding the financial, legal and tax implications of the transfer and I fully understand the transaction outlined within the agreement and the related documents. The name of my advisor is set forth below:<br><br>Name: _____ Phone: (_____)_____<br>Address:_____<br>Type of Advisor: _____ |

_____
Robert Shearer, Chapter 7 Bankruptcy Trustee
for the Estate of Carl N. Walden and Gloria J. Walden

STATE OF PENNSYLVANIA}
COUNTY OF _____}

The foregoing instrument was acknowledged before me this _____ day of _____, 2015 by Robert Shearer, who is either (☐) personally known to me or (☐) who has produced _____ _____ as identification.

_____
Notary
Commission Exp. Date:

**Exhibit "E"**

**DISCLOSURE STATEMENT(S)**

**Exhibit "F"**

**SWORN AFFIDAVIT(S) IN SUPPORT OF TRANSFER AGREEMENT**

## SWORN AFFIDAVIT IN SUPPORT OF TRANSFER AGREEMENT

I, Robert Shearer, ("I" or "Me") being duly sworn upon my oath deposes and says:

1. I am over the age of 18. I am of sound mind, sane, sober, not under the influence of drugs or alcohol, and am not suffering from any physical impairment affecting my judgment.

2. I am the Chapter 7 Trustee for the Bankruptcy Estate of Carl N. Walden and Gloria J. Walden (the "Estate").

3. The Estate is entitled to the settlement payments set forth in that certain Structured Settlement Payment Purchase Agreement (the "Agreement") between Singer Asset Finance Company, L.L.C. or its assigns ("Singer") as Purchaser and me dated April 30, 2015.

4. I want to sell the Assigned Payments (as defined within the Agreement), on behalf of the Estate, to Singer.

5. On or before April 27, 2015, I received from Singer and reviewed the Pennsylvania Disclosure Statement. I signed the Pennsylvania Disclosure Statement on April 27, 2015.

6. The terms of the Agreement I entered into with Singer was made after very careful consideration. It is what I believe to be in the best interests of the creditors of the Estate.

_____
Robert Shearer, Chapter 7 Bankruptcy Trustee
for the Estate of Carl N. Walden and Gloria J. Walden

                                                  STATE OF PENNSYLVANIA)
                                                  COUNTY OF_____)

The foregoing instrument was acknowledged before me this _____ day of _____, 2015 by Robert Shearer, who is either (☐) personally known to me or (☐) who has produced _____ as identification.

_____
Notary Public
Commission Expiration Date: